## IN THE CIRCUIT COURT OF MARYLAND
## FOR BALTIMORE CITY

| | |
|---|---|
| CHRISTINE ZERVOS<br>10 Lochwell Court<br>Baltimore, Maryland 21234<br><br>and<br><br>DEMETRIOS ZERVOS<br>10 Lochwell Court<br>Baltimore, Maryland 21234<br><br>       Plaintiffs<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC<br>SERVE: CSC-Lawyers Inc Svc. Comp.<br>    7 St. Paul Street, #1660<br>    Baltimore, Maryland 21202 | CIVIL CASE NO.:<br><br>COMPLAINT-CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Demtrios Zervos and Christine Zervos, Plaintiffs, by and through their attorneys, Lauren M. Geisser and Charles A. Gilman, L.L.C., sues Ocwen Loan Servicing, LLC (hereinafter "Ocwen"), Defendant, upon the following averments of fact:

1.     That the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1962 et seq. ("FDCPA") among other causes of action.

2.     Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "...any Court of competent jurisdiction."

3.     That Defendant, Ocwen is a Delaware limited liability company engaged in the business of collecting debt in the State of Maryland with several property interests in Baltimore City, Maryland.

4.     That Plaintiff is a resident of Baltimore County, Maryland, has been a resident of Baltimore County, Maryland at all times relevant to the facts alleged in this Complaint, is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a).

5.     Pursuant to the definitions outlined in 15 U.S.C. §1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from the Plaintiff, and the Plaintiff is a consumer debtor.

6.     Defendant is a debt collector with a principal office in West Palm, Florida.

7.     Defendant uses instrumentalities of interstate commerce and/or the United States Mail in business, the principal purpose of which is the collection of debts.

8.     Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10.    Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11.    Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

12.    On or about September 1, 2011 Defendant began servicing Plaintiffs alleged mortgage on their property, 10 Lochwell Court, Baltimore, Maryland 21234 (hereinafter "the Property").

13.    Plaintiffs, in the midst of modifying their mortgage with the previous loan servicer, immediately sent their loan modification package to Ocwen upon learning that Ocwen had begun servicing their loan.

14.    Ocwen refused the modification, without talking with the loan investor, and issued a denial letter.

15.    On or about September 20, 2011 Ocwen sent the Plaintiffs a letter stating that they would not loose their home within the next thirty days if they contacted Ocwen.  First, Plaintiffs attempted to get in touch with Ocwen via their phone number but it placed them on hold stating that "over two hundred people" were waiting to speak with an Ocwen representative first. Further, Ocwen represented in this letter that the Plaintiffs could loose their home immediately after thirty days which is impossible as there is no foreclosure pending in Maryland Circuit Court and a substantially compliance Notice of Intent to Foreclose was not filed at this time.

16.    Thereafter, on or about September 20, 2011 an Ocwen representative named "Alberto" appeared at the Plaintiffs home and attempted to change the locks on their doors.  "Alberto" attempted to change the locks on Plaintiffs' home while there were four cards present in the driveway, over four people in the Property, and the lights were on.  When attempting to change the locks, "Alberto" stated that the Plaintiffs' home "home was foreclosed upon".

17.    Thereafter, on or about September 22, 2011 Ocwen sent the Plaintiffs a letter stating that there was a confirmed "foreclosure sale date" scheduled on their home within the next 60 days.

18.    There is no foreclosure pending in a Maryland Circuit Court and makes the ability to foreclose on the Property in 60 days impossible.  Further, there is no substantially compliant Notice of Intent to Foreclose properly filed also making the statements by Ocwen impossibilities.

19.    Thereafter, on or about October 5, 2011 Ocwen called Plaintiffs' attorneys office requesting to speak with the Plaintiffs.  When Counsel's paralegal told the Ocwen representative that Plaintiffs were represented by Counsel, they refused to speak with Counsel, and insisted only on speaking with Plaintiffs for a "personal matter" unrelated to the loan.

## COUNT I
## (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)

20.    Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

21.    Defendant violated the FDCPA. The Defendants violations include, but are not limited to the following:

      a.    Defendant violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

      b.    Defendant violated 15 U.S.C. §1692d(5) of the FDCPA by contacting the Plaintiff at home, via letters and personal appearances, repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

      c.    Defendant violated 15 U.S.C. §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

      d.    Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

      e.    Defendant violated 15 U.S.C. §1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

      f.    Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the imminence of legal action by the debt collector.

      g.    Defendant violated 15 U.S.C. §1692e(5) by threatening legal action that cannot legally be taken or that is not intended to be taken.

      h.    Defendant violated 15 U.S.C. §1692e by attempting to contact the Plaintiffs knowing they are represented by counsel.

4

22.     Defendant's violation of the FDCPA has caused the Plaintiffs severe stress, anxiety, sleepless nights, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering including but not limited to: Plaintiffs having severe anxiety and stress when people ring their doorbell or otherwise enter their Property; sleepness nights for several weeks; and stomach distress.

WHEREFORE, Plaintiffs, Christine and Demtrios Zervos, respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1.   Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and suffering.

2.   Statutory damages of One Thousand Dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

3.   Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

4.   Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**(VIOLATION OF THE MARYLAND MORTGAGE FRAUD PROVENTION ACT)**

23.     Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

24.     Plaintiffs are homeowners as defined under Md. Real Property Article 7-401 et seq..

25.     Ocwen committed the above alleged acts while servicing Plaintiffs loan in the mortgage lending process as defined under Md. Real Property Article 7-401 et seq..

26.     Ocwen committed mortgage fraud, as defined under Md. Real Property Article 7-401 et. seq., by committing the above alleged acts which were:

a. Knowingly making any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

b. Knowingly creating or producing a document for use during the mortgage lending process that contains a deliberate misstatement, misrepresentation, or omission with the intent that the document containing the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process; and

c. Knowingly using or facilitating the use of any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process.

27.  Defendant's violation of the Maryland Mortgage Fraud Prevention Act has caused the Plaintiffs severe stress, anxiety, sleepless, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering.

WHEREFORE, Plaintiffs, Christine and Demtrios Zervos, respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1. Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and suffering;

2. Statutory damages of Three Times the amount of actual damages;

3. Costs and reasonable attorneys' fees pursuant to the Maryland Mortgage Fraud Act; and

4. Any other relief that this Honorable Court deems appropriate.

6

## COUNT III
### (VIOLATION OF THE MARYLAND CONSUMER DEBT
### COLLECTION PRACTICE ACT)

28.     Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

30.     Defendant is a debt collector, Plaintiffs are consumers, and the debt that the Defendant is

seeking to collect from the Plaintiffs is based on a consumer transaction pursuant to Maryland

Code Ann. Commercial Law §14-201, et seq.

31.     In Defendants attempt to collect a debt against the Plaintiffs, they have:

        a.     Used and threatened force by attempting to gain access into the Plaintiffs

home; and otherwise

        b.     Communicated with the Plaintiffs with the frequency, at the unusual

hours, or in any other manner as reasonably can be expected to abuse or harass the debtor.

32.     In Defendants attempt to collect a debt against the Plaintiffs, they have violated the

Maryland Consumer Debt Collection Practice Act.

33.     Defendant's violation of the Maryland Consumer Debt Collection Practices Act has

caused the Plaintiffs severe stress, anxiety, sleepless, loss of the enjoyment of their life, and

otherwise has caused the Plaintiffs great pain and suffering.

        WHEREFORE, Plaintiffs, Christine and Demtrios Zervos respectfully request judgment

be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

        1.     Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and

suffering; and

        2.     Any other relief that this Honorable Court deems appropriate.

## COUNT IV
### (VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT)

34.   Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

35.   Christine and Demetrios Zervos are "consumers" pursuant to the Maryland Commercial Law Article Title §13-101, et seq. and were the recipient of "[c]onsumer credit, debts, goods, realty, and services" from the Defendant as defined under Maryland Commercial Law Article Title §13-101, et seq..

36.   The Defendant's practices relating to the above-captioned Counts of this Complaint, are generally prohibited unfair and deceptive practices in violation of §13-303 of the Maryland Consumer Protection Act.

WHEREFORE, Plaintiffs, Christine and Demtrios Zervos respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1.   Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and suffering;

2.   Costs and reasonable attorneys' fees pursuant to the Maryland Mortgage Fraud Act; and

3.   Any other relief that this Honorable Court deems appropriate.

## COUNT V
### (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

37.   Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

38.   The Defendant is a licensee in Maryland in accordance with COMAR 09.03.06 et seq and Financial Institutions Article §11-501 et seq. as Defendant engages in business as a mortgage lender.

39. As such, pursuant to COMAR 09.03.06.20(A) the Defendant licensee owes a duty of good faith and fair dealing to the borrower Plaintiff.

40. The Defendant's practices relating to the above-captioned Counts of this Complaint, are a breach of their duty of good faith and fair dealing with the Plaintiff and said breach has caused the Plaintiff severe damage including severe stress, anxiety, sleepless, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering.

WHEREFORE, Plaintiffs, Christine and Demtrios Zervos respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1. Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and suffering; and

2. Any other relief that this Honorable Court deems appropriate.

CHARLES A. GILMAN, L.L.C.

Lauren M. Geisser
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
lgeisser@cgilmanlaw.com
(410) 560-4999 (o)
(410) 380-3116
*Attorney for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff requests a jury on all issues herein.

Lauren M. Geisser

9