**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **CHRISTINE ZERVOS**, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL No. 1:11-cv-03757-JKB |
| **OCWEN LOAN SERVICING, LLC,** | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

In Re:   **Defendant's Motion to Dismiss (ECF No. 10)**

Christine and Demetrios Zervos ("Plaintiffs") brought this suit against Ocwen Loan Servicing, LLC ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Maryland Mortgage Fraud Prevention Act ("MMFPA"), MD. CODE ANN., REAL PROP. § 7-401, *et seq.*, the Maryland Consumer Debt Collection Practices Act ("MCDCPA"), MD. CODE ANN., COMM. LAW § 14-201, *et seq.*, the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COMM. LAW § 13-101, *et seq.*, and "breach of duty of good faith and fair dealing" as set out in MD. CODE REGS. 09.03.06.20. Defendant now moves to dismiss the complaint for failure to state a claim. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendant's Motion to Dismiss (ECF No. 10) is GRANTED IN PART (with respect to Count I: ¶ 21(b), (e), and (h), Count II, Count III: ¶ 31(a), and Count V) and DENIED IN PART (with respect to Count I: ¶ 21(a), (c), (d), (f), and (g), Count III: ¶ 31(b), and Count IV).

1

I.   **BACKGROUND**

Plaintiffs are Baltimore County residents with an outstanding mortgage on property located at 10 Lochwell Court, Baltimore, Maryland 21234 ("The Property"). Defendant began servicing the mortgage on or about September 1, 2011, when it acquired the previous servicing company. At the time of the acquisition, Plaintiffs were in the process of negotiating a modification of their mortgage with the original servicer. They attempted to continue negotiation with Defendant by sending it their loan modification package, but Defendant denied modification and allegedly attempted to foreclose on the The Property. Specifically, Plaintiffs allege that on or about September 20, 2011, Defendant sent them a letter stating that "they would not loose [sic] their home within the next thirty days if they contacted [Defendant]," but that they "could loose [sic] their home immediately after thirty days." (Compl. ¶ 15, ECF No. 2). Plaintiffs allege that they attempted to contact Defendant by phone but were unable to do so because Defendant's automated phone system informed them that there were over two hundred callers ahead of them in line to speak with a representative. Next, Plaintiffs claim that on September 20, 2011, one of Defendant's agents, named Alberto, arrived at their home and attempted to change the locks on the doors, stating that "Plaintiffs' home 'home [sic] was foreclosed upon'." (Compl. ¶ 16, ECF No. 2). Additionally, Plaintiffs claim that when Alberto arrived "there were four cards [sic] present in the driveway, over four people in the Property, and the lights were on." *Id.*  Next, Plaintiffs claim that Defendant sent them a second letter on September 22, 2011, stating that "there was a confirmed 'foreclosure sale date' scheduled on their home within the next 60 days." (*Id.*, ¶ 17). Plaintiffs maintain, however, that contrary to these representations, no foreclosure proceedings had ever occurred and no sale was ever scheduled. (Compl. ¶¶ 17-18). Finally, Plaintiffs claim that on October 5, 2011 Defendant

called their counsel's office and requested to speak with them.  When a paralegal informed Defendant that Plaintiffs were represented by counsel, Defendant allegedly insisted on speaking to Plaintiffs on a personal matter, unrelated to the mortgage.

On November 9, 2011, Plaintiffs filed the instant complaint in the Circuit Court for Baltimore City. (Compl., ECF No. 2).  Defendant removed the case to this Court on the basis of diversity and federal question jurisdiction. (Notice of Removal, ECF No. 1).  Defendant now moves to dismiss the case for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (Motion to Dismiss, ECF No. 10).

## II.     LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007).  In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

## III.    ANALYSIS

### A.     Count I: Fair Debt Collection Practices Act

Count I of the Complaint alleges that Defendant violated the following FDCPA provisions:

15 U.S.C. § 1692d(5):
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692e(2), (5), (10), & (11):

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

**(2)**   The false representation of--

   **(A)** the character, amount, or legal status of any debt; or

   **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

**(5)**   The threat to take any action that cannot legally be taken or that is not intended to be taken.

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Defendant argues that Plaintiffs cannot state a claim against it under the FDCPA because loan servicers are not considered "debt collectors" under that law.  That exemption, however, does not apply where a loan servicer acquires a loan after it has already gone into default.  *Allen v. Bank of America Corp.*, Civil No. CCB-11-33, 2011 WL 3654451 at *7 n.9 (D. Md. Aug. 18, 2011) (unpublished) (citing *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536-39 (7th Cir. 2003); *Shugart v. Ocwen Loan Servicing, LLC*, 747 F.Supp.2d 938, 942-43 (S.D. Ohio 2010)).  The complaint does not allege that Plaintiffs' mortgage was in default when Defendant acquired it, but the Court finds that default can be easily inferred from the alleged fact that Defendant sent Plaintiffs letters threatening foreclosure only 20 days after acquiring the mortgage.  As this is a motion to dismiss, the Court is obliged to draw this inference in Plaintiffs' favor.  *See Ibarra,* 120 F.3d at 474.[1]

With respect to Plaintiffs' specific allegations, the Court finds as follows:

a. Defendant violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

(Compl. ¶ 21(a)).  While it is far from obvious that the conduct Plaintiffs allege was inherently harassing, oppressive, or abusive, the Court finds that it is at least plausibly so.  Specifically, Defendant's alleged representations that Plaintiffs' home had been foreclosed upon and that a sale date had been scheduled, when in fact there was no such foreclosure, could plausibly be construed as abuse.  Similarly, Defendant's alleged attempt to effect foreclosure and eviction of

---

[1] In a footnote in its reply brief, Defendant makes the following argument:

> It is expected that Plaintiffs will seek leave to amend the Complaint to allege that Ocwen took over servicing from Litton Loan Servicing, L.P. ("Litton") when the loan was in default. Such an amendment would afford Plaintiffs no relief. Litton was acquired by Ocwen. Plaintiff would need to explain how the acquisition justifies an exception to the FDCPA.

(Reply at 3 n.1, ECF No. 14).  The Court does not understand the thrust of this argument.  If Plaintiffs' mortgage was in default when Defendant acquired Litton, then Defendant acquired the mortgage, and began servicing it, when it was in default.

Plaintiffs from their home by changing the locks without allowing Plaintiffs the thirty days response time allegedly promised in the first letter could be construed as abuse and or harassment. These claims will therefore stand.

    b.    Defendant violated 15 U.S.C. §1692d(5) of the FDCPA by contacting the Plaintiff at home, via letters and personal appearances, repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

(Compl. ¶ 21(b)). Subsection d(5) deals specifically with telephone communications, which Plaintiffs do not allege here. This claim will therefore be dismissed.

    c.    Defendant violated 15 U.S.C. §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

    d.    Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

(Compl. ¶ 21(b) &(c)). The Court finds these allegations plausible in view of the alleged fact that Defendant falsely represented to Plaintiffs that their home had been foreclosed upon and that a sale date had been scheduled. Such a representation, if made, would certainly be deceptive. These claims will therefore stand.

    e.    Defendant violated 15 U.S.C. §1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

(Compl. ¶ 21(e)). Plaintiffs have alleged no facts to support this claim. Indeed, they allege that the letters they received from Defendant were identifiable as communications from their loan servicer, and they imply that Defendant identified itself when it called their lawyer's office. With respect to the visit from Alberto, Plaintiffs do not state whether or how Alberto identified himself (apart from his name). This claim will therefore be dismissed.

    f.    Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the imminence of legal action by the debt collector.

(Compl. ¶ 21(f)).  Subsection e(2) prohibits misrepresentations regarding "the character, amount, or legal status of any debt."  A misrepresentation that a lender has foreclosed on property used to secure a loan, and has scheduled a date to sell the property, can be plausibly construed as regarding the "legal status" of the debt.  This claim will therefore stand.

> g. Defendant violated 15 U.S.C. §1692e(5) by threatening legal action that cannot legally be taken or that is not intended to be taken.

(Compl. ¶ 21(g)).  Plaintiffs plainly allege in the complaint that Defendant threatened foreclosure and then represented that foreclosure had occurred and that a sale date had been scheduled when in fact this was not the case.  Such representations can be plausibly construed as threats of legal action that cannot, or will not, be taken.  This claim will therefore stand.

> h. Defendant violated 15 U.S.C. §1692e by attempting to contact the Plaintiffs knowing they are represented by counsel.

(Compl. ¶ 21(h)).  Plaintiffs allege that when Defendant's representative called their counsel's office a paralegal informed him that Plaintiffs were represented by counsel but that the representative stated he wished to speak to them about a "'personal matter' unrelated to the loan."  (Compl. ¶ 19).  Section 1692e does not prohibit this contact. Rather, communications between debt collectors and represented consumers is dealt with in § 1692c(a)(2), which provides that

> (a) Communication with the consumer generally
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> …
>
> **(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

7

The facts alleged in the complaint, however, are insufficient to raise an inference that Defendant engaged in this conduct.  Importantly, Plaintiffs do not allege that Defendant actually communicated with them after they retained counsel, but only that it attempted to do so.  Further, the Court cannot infer that the attempted communication, had it been successful, would have been prohibited.  Plaintiffs allege that Defendant's representative told their counsel's paralegal that he wished to speak with them regarding a matter other than their mortgage.  Plaintiffs clearly imply that this statement was a ruse, but the Court cannot draw that inference, even on a motion to dismiss, without some factual basis.  This claim will therefore be dismissed.

In conclusion, Defendant's motion to dismiss will be granted with respect to ¶ 21(b), (e), & (h) of Count I of the complaint, and denied with respect to ¶ 21(a), (c), (d), (f), & (g).

### B.     Count II: Maryland Mortgage Fraud Prevention Act

Count II alleges that Defendant committed mortgage fraud when it told them that their home was being foreclosed upon and that a sale had been scheduled when there were, in fact, no foreclosure proceedings pending.  Plaintiffs fail to state a claim under the MFPA, however, because they have failed to meet the heightened pleading standards of FED. R. CIV. P. 9(b) with respect to the details of the alleged fraudulent representations and because they have alleged no facts evincing that Defendant had knowledge of the statements' falsity or intent to defraud.  Rule 9(b) requires that plaintiffs plead fraud with particularity, including "the identity of the person making the misrepresentation and what he obtained thereby."  *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).  Plaintiffs do not allege what Defendant gained or attempted to gain by making the alleged misrepresentations.  Additionally, Plaintiffs have alleged no facts from which the Court can infer an intent to defraud.  Although FED. R. CIV. P. 9(b) provides that elements of fraud such as knowledge and intent may be "averred generally,"

this Court has consistently held that that does not lower the ordinary pleading standard of Rule 8, which requires that allegations have enough factual support to be at least plausible. *See Int'l. Fidelity Ins. Co. v. Mahogany, Inc.*, Civil No. JKB-11-1708, 2011 WL 3678830 at *3 (D. Md. August 22, 2011) (citing *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008)).  Plaintiffs have provided no such support.  Defendant's motion to dismiss will therefore be granted with respect to Count II.

### C. Count III: Maryland Consumer Debt Collection Practices Act

Count III alleges that Defendant violated the following provisions of the MCDCPA:

In collecting or attempting to collect an alleged debt a collector may not:

(1) Use or threaten force or violence;

…

(6) Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor.

MD. CODE ANN., COMM. LAW, §14-202(1) & (6).  Specifically, Plaintiffs allege first that Defendant used or threatened force when it sent Alberto to change the locks on their home.  The Court cannot agree.  Plaintiffs have alleged no facts supporting an inference that they had anything other than a verbal interaction with Alberto, and the only statements Alberto is alleged to have made, that Plaintiffs' home had been foreclosed upon, cannot be plausibly construed as threats of force.  Plaintiffs' claim under Subsection (1) will therefore be dismissed.  With respect to Subsection (6), Plaintiffs merely incorporate the preceding allegations of the complaint.  However, since the Court has already concluded that those allegations made out a minimally plausible claim that Defendant's communications with them regarding their mortgage were abusive or harassing under the FDCPA, this claim, too, will stand for the same reasons.

### D. Count IV: Maryland Consumer Protection Act

Plaintiffs allege that if Defendant's conduct was a violation of the MCDCPA, as they claim, then it was also a *per se* violation of the MCPA. That is correct. *See* MD. CODE ANN., COMM. LAW § 13-301(14)(iii). This claim therefore stands.

### E. Count V: Breach of Duty

Finally, Plaintiffs allege that Defendant breached duties imposed on it by MD. CODE REGS. 09.03.06.20. Enforcement of this regulation, however, is committed exclusively to the Commissioner of Financial Regulation. *See* MD. CODE REGS. 09.03.06.16; MD. CODE ANN., FIN. INST. § 11-517. This claim will therefore be dismissed.

## IV. CONCLUSION

Accordingly, an ORDER shall issue GRANTING IN PART (with respect to Count I: ¶ 21(b), (e), and (h), Count II, Count III: ¶ 31(a), and Count V) and DENYING IN PART (with respect to Count I: ¶ 21(a), (c), (d), (f), and (g), Count III: ¶ 31(b), and Count IV) Defendant's Motion to Dismiss (ECF No. 10).


Dated this 29th day of March, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge