IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND NORTHERN DIVISION

| | |
|---|---|
| CHRISTINE ZERVOS<br>10 Lochwell Court<br>Baltimore, Maryland 21234<br><br>and<br><br>DEMETRIOS ZERVOS<br>10 Lochwell Court<br>Baltimore, Maryland 21234<br><br>      Plaintiffs<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC<br>SERVE: CSC-Lawyers Inc Svc. Comp.<br>      7 St. Paul Street, #1660<br>      Baltimore, Maryland 21202<br><br>and<br><br>The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Alternative Loan Trust 2004-09T1, Mortgage Pass-Through Certificates, Series 2004-09T1<br>SERVE: Christopher Corchiarino<br>      One South Street<br>      20th Floor<br>      Baltimore, Maryland 21202 | CIVIL CASE NO.: 1:11-CV-03757<br><br>AMENDED COMPLAINT-CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

Demetrios Zervos and Christine Zervos, Plaintiffs, by and through their attorneys, Lauren M. Geisser and Charles A. Gilman, L.L.C., hereby sues Ocwen Loan Servicing, LLC (hereinafter "Ocwen" ), and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Alternative Loan Trust 2004-09T1, Mortgage Pass-Through Certificates, Series 2004-09T1 (hereinafter "Investor Bank", Defendants, upon the following averments of fact:

1

1. That the Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1962 et seq. ("FDCPA") among other causes of action.

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "…any Court of competent jurisdiction."

3. That Defendant Ocwen is a Delaware limited liability company engaged in the business of collecting debt in the State of Maryland with several property interests in Baltimore County, Maryland.

4. The Defendant Investor Bank is a New York corporation with it's principal place of business in New York. Investor Bank is engaged in the business of purchasing, receiving, and otherwise obtaining mortgage/notes some of which, including Plaintiffs, are located in Baltimore County, Maryland.

5. That Plaintiffs are residents of Baltimore County, Maryland, have been residents of Baltimore County at all times relevant to the facts alleged in this Complaint, are allegedly obligated to pay a debt, and are "consumers" as defined by 15 U.S.C. §1692(a).

6. Pursuant to the definitions outlined in 15 U.S.C. §1692a(1-6), Defendant Ocwen is a debt collector seeking to collect a consumer debt from Plaintiffs which was allegedly due and owing from them. Plaintiffs are consumer debtors.

7. Defendant Ocwen is a debt collector with a principal office in West Palm, Florida.

8. Defendant Ocwen use instrumentalities of interstate commerce and/or the United States Mail in business, the principal purpose of which is the collection of debts.

9. Defendant Ocwen regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

10. Defendant Ocwen is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. Defendant Ocwen is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, such as Defendant Investor Bank, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

13. On or about September 1, 2011 Defendant Ocwen began servicing Plaintiffs alleged mortgage on their property, 10 Lochwell Court, Baltimore, Maryland 21234 (hereinafter "the Property").

14. Investor Bank claims it purchased Plaintiffs' Mortgage/Note, as identified in Maryland Land Records Book 0020010 Pages 612-628 ("Note"), for value, from Countrywide Home Loans, Inc..

15. Defendant Ocwen became the servicer of the Note by authority given to it from Defendant Investor Bank.

16. At the time Ocwen become the loan servicer on said Note, Plaintiffs were in default on their alleged mortgage, and were in the midst of modifying their mortgage with the previous loan servicer, Litton Loan Servicing ("Litton").

17. As such, Plaintiffs immediately sent their loan modification package to Ocwen upon learning that Ocwen had begun servicing their loan.

18. The loan modification package sent by Plaintiffs to Ocwen was a Home Affordable Modification Program ("HAMP") loan modification as Litton represented to Plaintiffs that they were eligible for a HAMP modification.

19. Any representations made by Litton regarding the loan modification eligibility are imputed to Ocwen as Ocwen now owns Litton.

3

20. Thereafter, Ocwen refused the modification, without talking with the loan investor, and issued a denial letter.

21. Ocwen thereafter refused the HAMP modification again, on the basis that Plaintiffs loan was never eligible for a HAMP loan modification because the Bank Investor never participated in the HAMP modification program with respect to Plaintiffs loan.

22. On or about September 20, 2011 Ocwen sent the Plaintiffs a letter stating that they would not lose their home within the next thirty days if they contacted Ocwen.

23. Ocwen's September 20, 2011 written representation to Plaintiffs was patently false as there was no foreclosure pending in Maryland Circuit Court nor a substantially compliance Notice of Intent to Foreclose was filed at this time.

24. Ocwen's September 20, 2011 written representation to Plaintiffs also contained an Orlando, Florida address for Ocwen. Said address is not registered with the State of Maryland and as such, was a communication from a debt collector that is not licensed in the State of Maryland.

25. Immediately after Plaintiffs received the September 20, 2011 correspondence, Plaintiffs attempted to get in touch with Ocwen via their listed phone number but were placed on hold stating that "over two hundred people" were waiting to speak with an Ocwen representative before them.

26. On or about September 20, 2011 an Ocwen representative, and/or agent of Ocwen, named "Alberto" also appeared at the Plaintiffs' home, attempting to change the locks on their doors.

27. "Alberto" attempted to change the locks on Plaintiffs' home while there were four cars present in the driveway, over four people in the Property, and the lights were on.

28. When attempting to change the locks, "Alberto" stated that the Plaintiffs' "home was foreclosed upon".

29. Ocwen agent "Alberto" did not notify Plaintiffs that he was a debt collector during this communication.

30. Thereafter, on or about September 22, 2011 Ocwen sent the Plaintiffs an additional letter stating that there was a confirmed "foreclosure sale date" scheduled on their home within the next 60 days.

31. On September 22, 2011 the prerequisites to holding a foreclosure sale on Plaintiffs' Property had not occurred, and thus, a confirmed foreclosure sale date could not exist as: there was no foreclosure action pending in a Maryland Circuit Court; and there was no substantially compliant Notice of Intent to Foreclose filed.

32. Thereafter, on or about October 5, 2011 Ocwen called Plaintiffs' attorneys office requesting to speak with the Plaintiffs. When Counsel's paralegal told the Ocwen representative that Plaintiffs were represented by Counsel, they refused to speak with Counsel, and insisted only on speaking with Plaintiffs for a "personal matter" unrelated to the loan.

33. Prior to Ocwen servicing Plaintiffs' mortgage, Plaintiffs' previous loan servicer received a letter of representation from the undersigned, on or about June 1, 2011, directing all future correspondence relating to the Plaintiffs' mortgage to be directed to Plaintiffs' counsels office.

34. Ocwen thus knew that Plaintiffs were represented by counsel as Ocwen purchased Litton.

35. In addition, Ocwen had actual knowledge that Plaintiffs were represented by counsel, regarding circumstances relating to their mortgage being serviced by Ocwen, as: (1) an additional letter of representation was sent directly to Ocwen on September 15, 2011 via facsimile; (2) counsel for Plaintiffs spoke with an Ocwen representative telling them that

5

Plaintiffs were represented by counsel on September 27, 2011; (3) Plaintiffs' counsel sent a demand letter to Ocwen via first class mail and email on October 10, 2011; (4) Plaintiffs' counsel had two telephone conversations with two attorneys claiming to represent Ocwen on October 19, 2011 and October 28, 2011; and (5) Plaintiff's Complaint was filed and removed to federal court by Ocwen's counsel on or about December 29, 2011.

36. Nonetheless, Ocwen's agent, Hermarie Beard, communicated directly to the Plaintiff, via written correspondence on November 14, 2011, November 28, 2011, and January 3, 2011. Each of these written communications were sent to the Plaintiffs home and were sent in an effort to collect a debt.

37. Each of the written communications sent by Mr. Beard contained an Orlando, Florida address for Ocwen. Said address is not registered with the State of Maryland, and as such, was a communication from a debt collector that is not licensed in the State of Maryland.

38. Defendant Ocwen claims it is acting as a loan servicer for Plaintiffs' mortgage in which: (1) the initial lender was Countrywide Home Loan, Inc.; and (2) the initial mortgage/note was for $437,000.00, as referenced in Maryland Land Records at Book 0020010 Pages 612-627. ("Note")

39. Defendant Investor Bank claims it owns the Note, with the power to direct Defendant Ocwen to act as a servicer on said Note, and otherwise direct Defendant Ocwen to collect on said Note.

40. Defendant Investor Bank has directed Defendant Ocwen to collect and otherwise foreclose on Plaintiffs' Note.

41. Defendant Investor Bank does not own the Note as identified in Maryland Land Records at Book 0020010 Pages 612-627 and thus does not have the authority to collect on Note.

42. Defendant Ocwen is attempting to collect on a Note for which they have no authority to collect as Defendant Investor Bank does not own the Note..

## COUNT I
### (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANT OCWEN)

43. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

44. Defendant violated the FDCPA. The Defendants violations include, but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    b. Defendant violated 15 U.S.C. §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt;

    c. Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff;

    d. Defendant violated 15 U.S.C. §1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector;

    e. Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the imminence of legal action by the debt collector;

    f. Defendant violated 15 U.S.C. §1692e(5) by threatening legal action that cannot legally be taken or that is not intended to be taken; and

    g. Defendant violated 15 U.S.C. §1692e by attempting to contact the Plaintiffs knowing they are represented by counsel.

7

45. Defendant's violation of the FDCPA has caused the Plaintiffs severe stress, anxiety, sleepless nights, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering including but not limited to: Plaintiffs having severe anxiety and stress when people ring their doorbell or otherwise enter their Property; sleepness nights for several weeks; and stomach distress.

WHEREFORE, Plaintiffs, Christine and Demetrios Zervos, respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1. Two Hundred Thousand Dollars ($220,000.00) in actual damages for pain and suffering.

2. Statutory damages of One Thousand Dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

4. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### (VIOLATION OF THE MARYLAND MORTGAGE FRAUD PREVENTION ACT- DEFENDANT OCWEN AND DEFENDANT INVESTOR BANK)

46. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

47. Ocwen is a registered debt collector and mortgage lender with the Commissioner of Financial Regulation in the State of Maryland as to it's Houston, Texas and West Palm Beach, Florida locations.

48. As a registered debt collector, and as a registered mortgage lender, the Maryland Commissioner of Financial Regulation **requires** Ocwen to be knowledgeable and in compliance

with Maryland foreclosure procedures as outlined, *inter alia*, in Md. Code Real Property §7-105.1, et seq. and COMAR 09.03.12.02.

49. Ocwen is therefore charged with the knowledge that prior to any owner occupied residential property foreclosure sale, the following must occur: a Notice of Intent to Foreclose must be filed with the Maryland Commissioner of Financial Regulation; the Notice of Intent to Foreclose must be filed at least 45 days before the filing of an action to foreclose in the appropriate Maryland Circuit Court; an Order to Docket or Complaint to Foreclose on Residential Property must be filed in the Circuit Court where the residential property resides, and then must be served on the Plaintiff; and a foreclose sale of residential property may not occur until at least 30 days after this service of process.

50. Ocwen is also charged with the knowledge that they must have authority to collect on a debt pursuant to the Fair Debt Collection Practices Act.

51. Ocwen is charged with the knowledge that the foreclosure process, at a minimum, would take at least 65 days.

52. Plaintiffs are homeowners as defined under Md. Real Property Article 7-401 et seq..

53. Ocwen is in the mortgage lending process as defined under Md. Real Property Article 7-401 et seq..

54. Investor Bank is in the mortgage lending process as defined under Md. Real Property Article 7-401, et seq..

55. Ocwen, being charged with the knowledge of the Maryland foreclosure process as a licensed debt collector and mortgage lender, knew that Plaintiffs could not lose their home within thirty days if they failed to contact Ocwen because as Plaintiffs' mortgage servicer it had

knowledge that no Notice of Intention to Foreclose had been filed and also had knowledge that no Complaint to Foreclose on Plaintiffs' mortgage had been docketed.

56. Ocwen, being charged with the knowledge of the Maryland foreclosure process as a licensed debt collector and mortgage lender, knew that there was no confirmed foreclosure sale date within 60 days on Plaintiffs' home because as Plaintiffs' mortgage servicer it had knowledge that no Notice of Intention to Foreclose had been filed and also had knowledge that no Complaint to Foreclose on Plaintiffs' mortgage had been docketed.

57. Each of the above statements, were made in writing to the Plaintiffs by Ocwens agent.

58. By making the above threatening statements to Plaintiffs, Ocwen attempted to gain substantial profits from Plaintiffs' payment on a debt in collection manner which they knew was prohibited by law.

59. By making the above alleged threatening statements to Plaintiffs, Ocwen also knew that when it sent it's agent Alberto to change the locks on Plaintiffs' Property, that Plaintiffs would further fear the loss of their home. Ocwen also made the statement that they had the right to collect on the Note when they did not. Ocwen did this in an attempt to gain substantial profits from Plaintiffs' payment on a debt in a collection manner which they knew was prohibited by law.

60. Investor Bank knew that it did not own the Note.

61. Investor Bank, in writing and verbally, directed Ocwen to collect on Note against Plaintiffs.

62. Investor Bank, in writing and verbally, directed Ocwen to use the foreclosure process and any other debt collection actions to collect on Note against Plaintiffs.

63. Investor Bank and Ocwen committed mortgage fraud, as defined under Md. Real Property Article 7-401 et. seq., by committing the above alleged acts which were:

    a. Knowingly making any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;

    b. Knowingly creating or producing a document for use during the mortgage lending process that contains a deliberate misstatement, misrepresentation, or omission with the intent that the document containing the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process; and

    c. Knowingly using or facilitating the use of any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process.

64. Defendants' violations of the Maryland Mortgage Fraud Prevention Act has caused the Plaintiffs severe stress, anxiety, sleepless, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering.

WHEREFORE, Plaintiffs, Christine and Demetrios Zervos, respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC and Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Alternative Loan Trust 2004-09T1, Mortgage Pass-Through Certificates, Series 2004-09T1 for the following:

1. Two Hundred Thousand Dollars ($200,000.00) in actual damages for pain and suffering;

  2. Statutory damages of Three Times the amount of actual damages;

  3. Costs and reasonable attorneys' fees pursuant to the Maryland Mortgage Fraud Act; and

  4. Any other relief that this Honorable Court deems appropriate.

## COUNT III
### (VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION PRACTICE ACT)

65. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

30. Defendant is a debt collector, Plaintiffs are consumers, and the debt that the Defendant is seeking to collect from the Plaintiffs is based on a consumer transaction pursuant to Maryland Code Ann. Commercial Law §14-201, et seq.

31. In Defendants attempt to collect a debt against the Plaintiffs, they have:

  a. Communicated with the Plaintiffs with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor; and

  b. Claim, attempt, or threaten to enforce a right with the knowledge that the right does not exist.

32. In Defendants attempt to collect a debt against the Plaintiffs, they have violated the Maryland Consumer Debt Collection Practice Act.

33. Defendant's violation of the Maryland Consumer Debt Collection Practices Act has caused the Plaintiffs severe stress, anxiety, sleepless, loss of the enjoyment of their life, and otherwise has caused the Plaintiffs great pain and suffering.

WHEREFORE, Plaintiffs, Christine and Demetrios Zervos respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1. Two Hundred Thousand Dollars ($220,000.00) in actual damages for pain and suffering; and

2. Any other relief that this Honorable Court deems appropriate.

### COUNT IV
### (VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT)

34. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

35. Christine and Demetrios Zervos are "consumers" pursuant to the Maryland Commercial Law Article Title §13-101, et seq. and were the recipient of "[c]onsumer credit, debts, goods, realty, and services" from the Defendant as defined under Maryland Commercial Law Article Title §13-101, et seq..

36. The Defendant's practices relating to the above-captioned Counts of this Complaint, are generally prohibited unfair and deceptive practices in violation of §13-303 of the Maryland Consumer Protection Act.

WHEREFORE, Plaintiffs, Christine and Demetrios Zervos respectfully request judgment be entered against Defendant, Ocwen Loan Servicing, LLC for the following:

1. Two Hundred Thousand Dollars ($220,000.00) in actual damages for pain and suffering;

2. Costs and reasonable attorneys' fees pursuant to the Maryland Mortgage Fraud Act; and

3. Any other relief that this Honorable Court deems appropriate.

CHARLES A. GILMAN, L.L.C.

_____
Lauren M. Geisser
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
lgeisser@cgilmanlaw.com
(410) 560-4999 (o)
(410) 380-3116
*Attorney for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff requests a jury on all issues herein.

_____
Lauren M. Geisser